UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>CUONG QUOC CAO,<br><br>          Defendant. | CASE NO. CR22-0028JLR<br><br>ORDER |

## I.  INTRODUCTION

On April 2, 2024, the court denied Defendant Cuong Quoc Cao's motions to dismiss count 3 of the indictment under (1) the Commerce Clause (1st MTD (Dkt. # 25)), and (2) the Second Amendment (2d MTD (Dkt. # 27)).  (4/2/24 Order (Dkt. # 62).)  The court advised that "[a] written order setting forth the court's analysis will follow." (*Id.* at 2.)  The court now provides its analysis, beginning with the relevant factual and procedural background.

//

ORDER - 1

## II. BACKGROUND

On February 16, 2022, the Seattle Police Department arrested Mr. Cao in connection with suspected drug trafficking crimes. (Suppress Mot. (Dkt. # 30) at 1 n.1, Ex. 1 at 1-2, 4.) In searching Mr. Cao and his effects, police recovered various illicit substances, drug paraphernalia, and a semi-automatic handgun. (*Id.* at 4-5, 9.) A records search revealed that Mr. Cao had a prior felony conviction. (*Id.* at 5.) Specifically, Mr. Cao had been convicted of violating Washington's Uniform Controlled Substances Act for delivery of cocaine in October 2010. (2d Resp. (Dkt. # 39) at 4 & Ex. 1 (Dkt. # 41 (sealed)) at 1.)

Mr. Cao stands charged with one count of possession of a controlled substance with intent to distribute (count 1), one count of possession of a firearm in furtherance of a drug trafficking crime (count 2), and one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (count 3). (Indictment (Dkt. # 1) at 1-2.) On March 7, 2024, Mr. Cao filed the two instant motions to dismiss count 3 of the indictment, bringing constitutional challenges to Section 922(g)(1) under the Commerce Clause and the Second Amendment, respectively. (*See generally* 1st MTD; 2d MTD; *see also* 1st Reply (Dkt. # 46); 2d Reply (Dkt. # 53).) Plaintiff the United States of America (the "Government") timely filed opposition briefs. (1st Resp. (Dkt. # 37); 2d Resp.; *see also* Surreply (Dkt. # 58).) The court denied Mr. Cao's motions to dismiss on April 2, 2024. (*See generally* 4/2/24 Order.) This order follows.

## III. ANALYSIS

Section 922(g)(1), also known as the felon in possession statute, makes it

unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which was been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

This court is mindful of the Supreme Court's pronouncement that "[d]ue respect for the decisions of a coordinate branch of Government demands that we invalidate a congressional enactment only upon a plain showing that Congress has exceeded its constitutional bounds." *United States v. Morrison*, 529 U.S. 598, 607 (2000). Because Mr. Cao fails to make the requisite showings, the court denies his motions to dismiss.

A.  **Commerce Clause**

The Commerce Clause grants Congress the power to regulate commerce "among the several States." U.S. Const. art. I, § 8, cl. 3. Mr. Cao argues that Congress exceeded this power in enacting Section 922(g)(1), but as Mr. Cao acknowledges, his argument is foreclosed by binding precedent. (*See* 1st MTD at 3 n.1.)

In *Scarborough v. United States*, the Supreme Court upheld Section 922(g)(1)'s predecessor against a Commerce Clause challenge, concluding the statute passed muster because it contained "the minimal nexus that the firearm have been, at some time, in interstate commerce." 431 U.S. 563, 575 (1977). The Ninth Circuit has consistently invoked *Scarborough* and its progeny in rejecting similar challenges to the amended Section 922(g)(1). *See United States v. Sherbondy*, 865 F.2d 996, 1000-01 (9th Cir. 1988); *United States v. Hanna*, 55 F.3d 1456, 1461-62 (9th Cir. 1995); *United States v.*

1  *Polanco*, 93 F.3d 555, 563 (9th Cir. 1996); *United States v. Rousseau*, 257 F.3d 925, 932
2  (9th Cir. 2001); *United States v. Davis*, 242 F.3d 1162, 1162-63 (9th Cir. 2001) (per
3  curiam).
4  　　　　Mr. Cao suggests that the Supreme Court's evolving Commerce Clause
5  jurisprudence renders *Scarborough* obsolete (*see* 1st MTD at 3-8),[1] but the Ninth Circuit
6  expressly rejected this argument in *United States v. Alderman*, 565 F.3d 641 (9th Cir.
7  2009). At issue in *Alderman* was the constitutionality of 18 U.S.C. §§ 931 and
8  921(a)(35), which proscribe the possession by a felon of body armor that has been sold or
9  offered for sale in interstate commerce. *Id.* at 642-43. The *Alderman* court traced the
10 Supreme Court's "shifting emphasis in its Commerce Clause jurisprudence," recognizing
11 that modern cases impose more stringent jurisdictional standards than historical cases.
12 *Id.* at 646-48 (first citing *United States v. Lopez*, 514 U.S. 549, 558-59 (1995) (carving
13 three categories of commercial activities that Congress may constitutionally regulate,
14 including "those activities that substantially affect interstate commerce"); and then citing
15 *United States v. Morrison*, 529 U.S. 598, 611-13 (2000) (establishing four-part test for
16 determining whether an activity substantially affects interstate commerce, including
17 whether any "express jurisdictional element" is present)). Notwithstanding *Lopez* and
18 *Morrison*, however, the Ninth Circuit determined it remained bound by *Scarborough*. *Id.*
19 at 648 ("[U]ntil the Supreme Court tells us otherwise . . . we [must] follow *Scarborough*
20 unwaveringly." (quoting *United States v. Cortes*, 299 F.3d 1030, 1037 n.2 (9th Cir.

---

22 　　　[1] Mr. Cao also argues that *Scarborough* was incorrectly decided (*see* 1st MTD at 9-11), but it is not this court's role to question the wisdom of binding authority.

2002))). Because the Supreme Court had "blessed" "a nearly identical jurisdictional hook" in *Scarborough*, a "careful parsing of post-*Lopez* case law" was not required to uphold Congress's prohibition on the possession of body armor by convicted felons. *Id.*

Accordingly, *Lopez* and *Morrison* do not change the calculus. Consistent with a long line of Ninth Circuit precedent reaffirming *Scarborough* and the constitutionality of Section 922(g)(1), the court denies Mr. Cao's motion to dismiss count 3 of the indictment under the Commerce Clause. *See, e.g.*, *Alderman*, 565 F.3d at 648; *Davis*, 242 F.3d at 1162-63. "Any doctrinal inconsistency between *Scarborough* and the Supreme Court's more recent decisions is not for this Court to remedy." *Alderman*, 565 F.3d at 648 (quoting *United States v. Patton*, 451 F.3d 615, 636 (10th Cir. 2006)).

**B.   Second Amendment**

The Second Amendment "protect[s] an individual right to keep and bear arms for self-defense." *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022); *see also* U.S. Const. amend. II. This right was first recognized as an individual one in *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008). The Supreme Court recently expanded upon *Heller* in *Bruen*, setting forth a new framework for determining whether a gun regulation violates an individual's Second Amendment right to bear arms. *See Bruen*, 597 U.S. at 24.

Mr. Cao now argues that Section 922(g)(1) fails the *Bruen* framework and that count 3 must be dismissed as a result. (*See generally* 2d MTD.) The Government responds that *Bruen* left undisturbed controlling Ninth Circuit authority that holds "felons are categorically different from the individuals who have a fundamental right to bear

arms." (2d Resp. at 1-2 (quoting *United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010) (rejecting pre-*Bruen* Second Amendment challenge to Section 922(g)(1))).). This court may only depart from controlling Ninth Circuit authority in favor of intervening Supreme Court authority where the latter is "clearly irreconcilable" with the former. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc); *see also Avilez v. Garland*, 69 F.4th 525, 533 (9th Cir. 2023) ("[T]he 'clearly irreconcilable' requirement 'is a high standard.'" (quoting *FTC v. Consumer Def., LLC*, 926 F.3d 1208, 1213 (9th Cir. 2019))). The question here is whether *Bruen* is clearly irreconcilable with *Vongxay*. The court agrees with the Government that it is not. (*See* 2d Resp. at 9.)

    *Heller* itself recognized that "the right secured by the Second Amendment is not unlimited," and it expressly cabined that right to "law-abiding citizens." 554 U.S. at 625-27 & n.26 (advising that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," which are "presumptively lawful"); *accord id.* at 644 (Stevens, J., dissenting) (recognizing that the *Heller* majority "limit[ed] the protected class to 'law-abiding, responsible citizens'" (*quoting id.* at 635)). Following *Heller*, the Ninth Circuit upheld the felon in possession statute against a Second Amendment challenge in *Vongxay*, stating that "[n]othing in *Heller* can be read legitimately to cast doubt on the constitutionality of § 922(g)(1)." *Vongxay*, 594 F.3d at 1114. Then came *Bruen* where, "in keeping with *Heller*," the Supreme Court held that if "the Second Amendment's plain text covers an individual's conduct . . . the government must demonstrate that the [challenged] regulation is consistent with this Nation's historical tradition of firearm regulation." 597 U.S. at 17

1  (rejecting the former means-end scrutiny approach in the context of Second Amendment

2  challenges). Although *Vongxay* did not apply the test now required under *Bruen*, both

3  cases keep with *Heller*'s command that the right protected by the Second Amendment is

4  limited to law-abiding citizens. *See id.* at 8-10, 71; *see also Vongxay*, 594 F.3d at 1115.

5  And rather than employing the means-end scrutiny approach that *Bruen* expressly

6  rejected, the *Vongxay* court "looked at the text of the Second Amendment" and

7  "considered historical understanding," thus "preview[ing] *Bruen*'s text-and-history test"

8  in a manner that "demonstrate[s] a compatibility with *Bruen*, not a fundamental

9  inconsistency." *United States v. Robinson*, No. C22-0212TL, 2023 WL 5634712, at *5

10 (W.D. Wash. Aug. 31, 2023); *see also Vongxay*, 594 F.3d at 1117-18.

11      *Vongxay* is not clearly irreconcilable with *Bruen*. This conclusion is consistent

12 with the overwhelming consensus of other courts in this Circuit that have faced this

13 precise issue.[2] Under *Vongxay*, Mr. Cao's second motion to dismiss must be denied.[3]

---

[2] *See, e.g.*, *United States v. Roberts*, --- F. Supp. 3d ----, 2024 WL 50889, at *6 (D. Alaska Jan. 4, 2024); *United States v. Still*, No. 2:22-CR-00074-RMP, 2023 WL 8482856, at *3 (E.D. Wash. Dec. 7, 2023); *United States v. Hindman*, No. CR23-5062DGE, 2023 WL 8020699, at *5 (W.D. Wash. Nov. 20, 2023); *United States v. Gamble*, --- F. Supp. 3d ----, 2023 WL 6460665, at *3 (D. Nev. Oct. 4, 2023); *Robinson*, 2023 WL 564712, at *5; *United States v. Chatman*, No. 22-cr-00453-CRB-1, 2023 WL 3509699, at *1 (N.D. Cal. May 16, 2023); *United States v. Villalobos*, No. 3:19-cr-00040-DCN, 2023 WL 3044770, at *10 (D. Idaho Apr. 21, 2023); *Walker v. Bonta*, No. 20-CV-00031-DMS-AGS, 2023 WL 2815356, at *3 (S.D. Cal. Apr. 6, 2023); *United States v. Guthery*, No. 2:22-cr-00173-KJM, 2023 WL 2696824, at *4 (E.D. Cal. Mar. 29, 2023); *United States v. Jackson*, 656 F. Supp. 3d 1239, 1243-44 (W.D. Wash. 2023); *United States v. Moore*, No. 3:20-cr-00474-IM-1, 2023 WL 154588, at *2 (D. Or. Jan. 11, 2023); *United States v. Butts*, 637 F. Supp. 3d 1134, 1138 (D. Mont. Oct. 31, 2022); *United States v. Nevens*, No. CR 19-774-DMG, 2022 WL 17492196, at *2 (C.D. Cal. Aug. 15, 2022).

[3] Because *Vongxay* controls, the court need not reach Mr. Cao's argments regarding application of the *Bruen* test. (*See* 2d MTD at 10-31.) The court notes, however, that the Ninth Circuit's recent decision in *United States v. Perez-Garcia* strongly suggests that Section 922(g)(1) would withstand the *Bruen* test. *See United States v. Perez-Garcia*, --- F.4th ----, 2024

## IV.  CONCLUSION

For the foregoing reasons, the court DENIED Mr. Cao's motions to dismiss (Dkt. ## 25, 27).  (*See generally* 4/2/24 Order.)

Dated this 9th day of April, 2024.

JAMES L. ROBART
United States District Judge

---

WL 1151665, at *14 (9th Cir. Mar. 18, 2024) (rejecting Second Amendment challenge under *Bruen* to the Bail Reform Act's prohibition of firearm possession by pretrial detainees, based in part on "a lengthy and extensive Anglo-American tradition of disarming individuals who are not law-abiding, responsible citizens").

ORDER - 8